PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

LUCIUS MAURICE ROWSER,          )
                                )          CASE NO.  5:12CV0610
                Plaintiff,      )
                                )
        v.                      )          JUDGE BENITA Y. PEARSON
                                )
STATE OF OHIO, *et al.*,        )          **MEMORANDUM OF OPINION**
                                )          **AND ORDER**
                Defendants.     )          [Resolving ECF No. 22]


Pending is *Pro se* Plaintiff Lucius Maurice Rowser's Motion to Review and Rule on the

Unlawful Criminal Charge, *etc.* (ECF No. 22), filed on January 17, 2014.  In this motion,

Plaintiff attacks his 2010 conviction in the Stark County, Ohio Court of Common Pleas for

having a weapon while under a disability.  ECF No. 22 at PageID #: 392-94.  He asks the Court

to review his conviction and sentence, void them, and order his immediate release from prison.

ECF No. 22 at PageID #: 388.

Plaintiff initially filed this civil rights action under 42 U.S.C. § 1983 against the State of

Ohio, a Stark County detective, three state court judges, the Ohio Fifth District Court of Appeals,

the Wardens of Richland Correctional Institution and Marion Correctional Institution ("MCI"),

and his defense attorney.  ECF No. 1 at PageID #:1.  In a rambling and repetitive 98-page

Complaint (ECF No. 1), Plaintiff challenged his conviction by asserting he was subjected to

selective prosecution because he is African-American, was improperly convicted for having a

weapon while under a disability when he was acquitted on other charges, and was improperly

(5:12CV0610)

sentenced to five years imprisonment instead of three years.  Plaintiff claimed the search warrant

for his property was invalid (ECF No. 1 at PageID #: 6) and the SWAT team damaged his

property (ECF No. 1 at PageID #: 22).  He also claimed his defense attorney was ineffective.

ECF No. 1 at PageID #: 60-61.  In addition to the challenges to his conviction, Plaintiff asserted a

claim against the two wardens for failure to ensure that their staff provided proper medical care

to him (ECF No. 1 at PageID #: 93-94) and against the warden of MCI that he did not prevent his

staff from opening a piece of legal mail outside of Plaintiff's presence (ECF No. 1 at PageID #:

91).  He requested immediate release from prison and monetary relief.

On January 9, 2013, the Court dismissed the case on the merits pursuant to 28 U.S.C. §

1915(e) for failure to state a claim upon which relief can be granted.  *See* Memorandum of

Opinion and Order (ECF No.  12).  Specifically, the Court held that Plaintiff's claims challenging

his conviction and sentence were barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

ECF No. 12 at at PageID #: 312.  The Court also held that the state court judges were entitled to

absolute judicial immunity (ECF No. 12 at PageID #: 317), while the State of Ohio and the Ohio

Fifth District Court of Appeals were entitled to immunity under the Eleventh Amendment (ECF

No. 12 at PageID #: 320).  In addition, the Court concluded the defense attorney was not subject

to suit in a § 1983 action.  ECF No. 12 at PageID #: 321.  Finally, the Court held that Plaintiff

could not raise claims for denial of procedural due process for the destruction of property by the

SWAT team because he had an adequate remedy under state law (ECF No. 12 at PageID #: 324-

26), he failed to state a claim under the Eighth Amendment (ECF No. 12 at PageID #: 327-28),

2

(5:12CV0610)

and did not demonstrate that an isolated occurrence of opening legal mail outside of his presence violated the First Amendment (ECF No. 12 at PageID #: 330).[1]

Plaintiff appealed this decision to the Court of Appeals for the Sixth Circuit. ECF No. 15. He reiterated most of his claims to the Court of Appeals and argued the District Court erred in *sua sponte* dismissing his Complaint. *Rowser v. Ohio*, No. 13-3624 (6th Cir. Dec. 4, 2013) (unpublished order). ECF No. 20 at PageID #: 382-83. The Sixth Circuit addressed the merits of each of Plaintiff's claims, and affirmed the District Court's order for the reasons set forth by this Court. ECF No. 20 at 384-86.

Undeterred, Plaintiff filed the within motion (ECF No. 22) three weeks after the Sixth Circuit issued its mandate, asserting the same claims presented in his Complaint (ECF No. 1) and in his appeal to the Sixth Circuit. He claims he was convicted of having a weapon while under a disability after the jury acquitted him of other charges. ECF No. 22 at 393-94. He contends he should have been sentenced to three years instead of five years. ECF No. 22 at 393-94. He claims for the first time that this sentence exposed him to double jeopardy. ECF No. 22 at 393-94. He asserts that the evidence obtained during the search of his home should not have been introduced at trial because the search warrant was defective. ECF No. 22 at 393-94. He claims he continues to receive inadequate medical care and states his mail is "unlawfully under investigation." ECF No. 22 at 394. Because these last claims appear to address conditions that occurred since he filed his Complaint (ECF No. 1), they are also new claims.

---

[1] The Court does not set forth its prior holdings regarding claims that Plaintiff waived on appeal.

(5:12CV0610)

Plaintiff does not provide a legal basis for granting his motion.  Although he could have filed a motion to alter or amend judgment under Fed. R. Civ. P. 59(e) within twenty-eight days of this Court's judgment, Plaintiff is well beyond the time period to seek that type of relief.  Rule 59(e) allows district courts to alter, amend, or vacate a prior judgment.  Under Rule 59(e), "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."  In this case, judgment was entered on January 9, 2013 and Plaintiff's motion was not filed until over a year later.

The only other possible means for Plaintiff to challenge the final judgment is through a motion for relief from judgment under Fed. R. Civ. P. 60(b).  The standard for granting a Rule 60 motion is significantly higher than the standard applicable to a Rule 59 motion.   A timely Rule 59 motion may be granted "for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court."  Rule 59(a)(1)(B).  A Rule 60(b) motion, by contrast, may be granted only for certain specified reasons:  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that could not have been discovered in time to move for a new trial; (3) fraud, misrepresentation, or misconduct by the opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or it is based on an earlier judgment that has been reversed or vacated, or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.  When analyzing a Rule 60(b) motion, the Court's inquiry is limited to whether one of the specified circumstances exists which entitles Plaintiff to

4

(5:12CV0610)

reopen the merits of his underlying claims.  *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 268 (6th Cir. 1998).  A Rule 60(b) motion is properly denied where the movant attempts to use the motion to relitigate the merits of a claim and the allegations are unsubstantiated.  *See Miles v. Straub*, 90 F. App'x 456, 458 (6th Cir. 2004).  A movant under Rule 60(b) likewise fails to demonstrate entitlement to relief under any subsection when he simply rephrases his prior allegations, or raises new claims that could have been raised in his original pleading.  *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 543 (6th Cir. 2004).

Here, Plaintiff does not invoke any of the first five grounds for relief enumerated in the rule; therefore, his motion is construed under subsection (b)(6), "any other reason that justifies relief" from judgment.  This subsection, however, is only properly invoked in "unusual and extreme situations where principles of equity *mandate* relief."  *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990) (emphasis in original).  Plaintiff has not shown that his is an unusual or extreme situation.  He merely reiterates the claims he made in his Complaint (ECF No. 1), which were rejected on the merits by this Court and by the Court of Appeals for the Sixth Circuit.  Rule 60(b) does not provide another opportunity for him to reargue claims that were considered on the merits and dismissed.  In addition, Plaintiff cannot raise new claims in a Rule 60(b) motion.  Claims that arose after the judgment was issued should be brought in a new action.  Claims that could and should have been raised in the original complaint are barred.  Plaintiff has not demonstrated entitlement to relief under any of the subsections of Rule 60(b).

For the reasons explained above, Plaintiff has not shown that he is entitled to relief from the Court's previous judgment.  Accordingly, the Court denies Plaintiff's Motion to Review and

(5:12CV0610)

Rule on the Unlawful Criminal Charge, *etc.* (ECF No. 22).  The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.


      IT IS SO ORDERED.


  August 26, 2014                    */s/ Benita Y. Pearson*        
Date                                     Benita Y. Pearson
                                       United States District Judge